UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| FAITH N. WELLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04-3207 |
| vs. | ) | |
| | ) | |
| EN PRO QUINCY COMPRESSOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now Considers Defendant En Pro Quincy Compressor's Motion to Dismiss.

## FACTS

Defendant En Pro Quincy Compressor discharged Plaintiff *pro se* Faith Wells from its employ on June 25, 2003. Wells, a black woman who worked for the Defendant as a machinist since 1972, believed that the discharge was racially motivated. She filed a charge with the Illinois Department of Human Rights on May 14, 2004, alleging that the

1

Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. The charge was apparently cross-filed with the Equal Employment Opportunity Commission that same day.

A Right to Sue letter was ultimately issued and Wells filed suit against the Defendant on August 23, 2004, in the Eighth Judicial Circuit, Adams County, Illinois. Wells' Complaint alleged that the Defendant fired her because of her race. The Defendant removed the case to this Court on September 17, 2004, and filed a motion to dismiss on July 15, 2005. The Defendant contends that Wells failed to file her charge within the applicable statute of limitations. Albeit untimely, Wells filed her opposition to the Defendant's motion.

## ANALYSIS

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of the individual's race. See § 2000e-2(a)(1). In Illinois, a plaintiff who wishes to file an employment discrimination charge with the EEOC must do so within 300 days "after

the alleged unlawful employment practice occurred." See Stepney v. Naperville School Dist. 203, 392 F.3d 236, 239 (7th Cir. 2004), citing § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 104-05, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Speer v. Rand McNally & Co., 123 F.3d 658, 662 (7th Cir.1997).

In her Complaint, Wells alleges that the Defendant discharged her on June 25, 2003. Wells had 300 days from that date to timely file a claim against the Defendant. She did not file her claim until May 14, 2004. By that time, more than 300 days had passed since the Defendant's allegedly unlawful act. Thus, Wells' claim is time-barred.

Ergo, Defendant En Pro Quincy Compressor's Motion to Dismiss (d/e 7) is ALLOWED. This CASE IS CLOSED.

ENTER: August 10, 2005

FOR THE COURT:

s/ Richard Mills<br>United States District Judge